IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL BRYANT,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1116 |
| RADDAD, et al.,<br>    Defendants. | : | |

**MEMORANDUM**

**JONES, J.**                                                                                                                  **JUNE 22, 2021**

      This matter comes before the Court by way of several motions filed by Plaintiff Emmanuel Bryant, proceeding *pro se*. The motions currently before the Court include the following: (1) an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1); (2) a Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 5); and (3) a Motion for Leave to File an Amended Complaint (ECF No. 7). Also before the Court are Bryant's initial Complaint (ECF No. 2), his Prisoner Trust Fund Account Statement (ECF No. 3); and the proposed amended complaint attached to his Motion (ECF No. 7 at 2-4). Because it appears that Bryant is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, Bryant's initial Complaint (ECF No. 2) is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, Bryant will be granted leave to file an amended complaint within thirty days.

**I.    FACTS AND PROCEDURAL HISTORY**

      Bryant, a prisoner currently incarcerated at the Philadelphia Industrial Correctional Center, commenced this civil action by filing a twenty-four (24) page Complaint (ECF No. 2) with attached exhibits on March 5, 2021. Bryant brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (ECF No. 2 at 2.) 4). The initial Complaint

(ECF No. 2) sets forth a series of factual allegations regarding events that began in approximately June of 2020 and continued through the filing of the Complaint regarding Bryant's conditions of confinement and alleged retaliation by prison officials. After Bryant submitted his initial Complaint (ECF No. 2) and his Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and his Prisoner Trust Fund Account Statement (ECF No. 3), but before the Court had an opportunity to rule on the Application and screen the Complaint pursuant to § 1915, Bryant filed a Motion for Leave to File an Amended Complaint (ECF No. 7) and attached a proposed amended complaint. The proposed amended complaint attached to Bryant's Motion sets forth a series of additional factual allegations regarding events that began on or about March 5, 2021, since the filing of Bryant's initial Complaint. The proposed amended complaint appears to allege additional retaliation by prison officials which Bryant believes was the result of him initiating this civil action.

## II. STANDARD OF REVIEW

As Bryant is proceeding *in forma pauperis*, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.[1] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

---

[1] As Bryant filed this case while incarcerated, he is obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

As Bryant is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

In the initial Complaint, Bryant seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In order screen Bryant's allegations and determine whether he has stated any plausible claims for relief, the Court is bound by the initial Complaint (ECF No. 2) he submitted on March 5, 2021. However, Bryant subsequently filed the Motion for Leave to Amend which apparently seeks to add more recent factual allegations to Bryant's initial Complaint. This Motion complicates the Court's ability to screen the initial Complaint because the proposed amended complaint contains information solely related to events that occurred since March 5, 2021, but does not include any of the factual allegations from June of 2020 onward that are set forth in detail in the initial Complaint.

After careful review, the Court understands Bryant's Motion to seek leave to add these additional facts and allegations to his initial Complaint. However, as a general rule, the Court does not authorize piecemeal amendment or gradual supplementation of the operative pleading over time, which is essentially what Bryant proposes in the Motion for Leave to File an Amended Complaint. Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, "presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *See Uribe v. Taylor*, Civ. A. No. 10-2615, 2011 WL 1670233,

at *1 (E.D. Cal. May 2, 2011) (denying *pro se* plaintiff's motion seeking to provide the court with updated information, dismissing plaintiff's complaint, and granting leave to file an amended complaint "so that all of his allegations and claims can be presented in a single pleading."). Moreover, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* And while the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). "Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Here, Bryant is representing himself (proceeding *pro se*) and may not have appreciated that, by seeking leave to amend to file the proposed amended complaint (ECF No. 7 at 2-4), he was effectively abandoning the factual allegations and claims raised in his initial Complaint (ECF No. 2).

  Therefore, in order to conduct a comprehensive screening of Bryant's claims and facilitate the streamlining of this case in the future, the Court will grant Bryant's Motion for Leave to file an Amended Complaint in part, and deny it in part. Bryant's Motion is granted to the extent he seeks to file an amended complaint in this matter to include the allegations that occurred since March 5, 2021 when he filed the initial complaint as well as those set forth in his initial Complaint. Bryant's Motion is denied to the extent he seeks to file the proposed amended complaint he submitted on March 25, 2021 (ECF No. 7 at 2-4.) Bryant is granted leave to file an

amended complaint within thirty days. Bryant should be made aware, however, that at the time the Court screens any amended complaint in accordance with § 1915, the Court will be limited to the allegations in the amended complaint in determining whether Bryant has stated a claim for relief. *See Argentina*, 2019 WL 2538020, at *1 n.3 (recognizing that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings.").

In drafting his amended complaint, Bryant should also be aware that his amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint, shall state the basis for Bryant's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-1116. When Bryant files his amended complaint, it must be a complete document that includes all of the bases for Bryant's claims. Claims that are not included in the amended complaint will not be considered part of this case. Thus, when drafting his amended complaint, Bryant should be mindful to include all of the factual allegations in a ***single, comprehensive document*** that encompasses all the relevant allegations from his initial Complaint and the Motion he filed seeking to add additional facts.

The only remaining motion for the Court to consider at this time is Bryant's Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 5). A party seeking a preliminary injunction must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief[.]" *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Bryant's Motion (ECF No. 5) does not address these factors, and appears to be a proposed order that he is requesting the Court enter. In light of the Court granting Bryant leave to file an amended

complaint, this Motion will be denied without prejudice as premature.  Bryant may renew his request in the future once he has filed an amended complaint and the contours of his claims are more precisely defined.  Any such renewed request must address the factors set forth above.

## IV. CONCLUSION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915, the Court will grant Bryant leave to proceed *in forma pauperis*.  Bryant will be given leave to file an amended complaint with thirty (30) days of the date of this Memorandum.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. C. Darnell Jones II**

**C. DARNELL JONES, II, J.**